David A. Berstein (State Bar No. 204472)
Nicholas D. Myers (State Bar No. 251809)
Ivan U. Cisneros (State Bar No. 256232)
**MYERS BERSTEIN LLP**
4 Executive Circle, Suite 100
Irvine, California 92614
T:  949.825.5590
Email: *david@mybelaw.com, nicholas@mybelaw.com, ivan@mybelaw.com*

Attorneys for Plaintiff CONSULTICA SOFTWARE SERVICES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CONSULTICA SOFTWARE SERVICES, INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOOTSIE, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF WRITTEN CONTRACT**<br>2. **ACCOUNT STATED**<br>3. **OPEN BOOK ACCOUNT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff CONSULTICA SOFTWARE SERVICES, INC. ("Plaintiff") hereby alleges the following against Defendant LOOTSIE, INC. ("Defendant"):

## THE PARTIES

1. At all times relevant to this matter, Plaintiff CONSULTICA SOFTWARE SERVICES, INC., is and was a corporation formed under the laws of the Country of Canada, Province of Manitoba, City of Winnipeg.

2. Upon information and belief, at all times relevant to this matter, Defendant LOOTSIE, INC., is and was a corporation formed under the laws of the State of Delaware,

registered to do business in the State of California, and doing business in the County of Los Angeles, State of California.

3. The true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by their fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the DOE Defendants is responsible in some manner for the conduct alleged herein. Also, it is alleged that each of the Defendants acted under the authority and/or as the agent of each of the other Defendants.

4. This action is not subject to the provisions of Sections 1812.10 or 2984.4 of the California Civil Code.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1) – (2).

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) Defendants conduct business in this District; (c) the unlawful acts of Defendants complained of herein have been committed within this District and have had or will have had effect in this District; (d) the written agreements/contracts as identified and described more thoroughly below were entered into by the parties in this District; and (e) the written agreements/contracts as identified and described more thoroughly below conferred jurisdiction in this District.

## CONSULTICA SOFTWARE SERVICES, INC.

7. Plaintiff is a mobile device application development company operating out of Winnipeg, Manitoba, Canada.

8. Plaintiff's staff has significant and lengthy experience and expertise in mobile custom software development.

/ / /

/ / /

9. As custom software development experts, Plaintiff provides clients with a full-service experience from product strategy through development and ongoing support.

## THE CONTRACTS

10. On or about January 22, 2016, Plaintiff and Defendant entered into a "Software Development Agreement" (the "January Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein.

11. By the terms of the January Agreement, Plaintiff was to provide certain professional services including, but not limited to, the optimization of existing and developing new functionality for multiple software development kits ("SDK").

12. Under the terms of the January Agreement, Defendant was to compensate Plaintiff as follows:

> "3. COMPENSATION
>
> In consideration for the Service, the Client shall pay the Developer at the rate of up to $8000 USD per month per full-time Engineer, up to $4000 USD per month per part-time Project Manager. The Quality Assurance Engineer will work at the rate of $50 USD per hour on as needed basis and will be included to the monthly invoice.
>
> Additional part-time Engineer will work at the rate of $50 USD per hour (the "Hourly Rate"). All fees billed by Developer shall be due and payable upon the Developer providing the Client with an invoice. Invoices will be provided for work completed by the developer once every month and should be paid within 10 business days."

13. Pursuant to the terms of the January Agreement, Plaintiff commenced performance on January 22, 2016.

14. The initial invoice pursuant to the January Agreement was issued by Plaintiff to Defendant on or about February 28, 2016, for work performed during the period of

January 22, 2016 through February 22, 2016. The February 28, 2016 invoice was for $18,000.00, which Defendant paid in full.

15. Plaintiff issued a second invoice for the January Agreement to Defendant on or about March 25, 2016, for work performed during the period of February 23, 2016 through March 22, 2016. The March 25, 2016 invoice was for $20,800.00, which Defendant paid in full.

16. Plaintiff issued a third invoice for the January Agreement to Defendant on or about May 2, 2016, for work performed during the period of March 23, 2016 through April 22, 2016. The May 2, 2016 invoice was for $37,200.00, which Defendant paid in full.

17. On or about April 22, 2016, Plaintiff and Defendant entered into another "Software Development Agreement" (the "April Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit "B"** and incorporated by reference herein.

18. By the terms of the April Agreement, Plaintiff was, again, to provide with certain professional services including, but not limited to, the optimization of existing and developing new functionality for multiple software development kits ("SDK").

19. Under the terms of the April Agreement, Defendant was to compensate Plaintiff as follows:

> "3.   COMPENSATION
>
> In consideration for the Service, the Client shall pay the Developer at the rate of up to $8000 USD per month per full-time Engineer, up to $4000 USD per month per part-time Project Manager. The Quality Assurance Engineer will work at the rate of $50 USD per hour on as needed basis and will be included to the monthly invoice.
>
> Additional part-time Engineer will work at the rate of $50 USD per hour (the "Hourly Rate"). All fees billed by Developer shall be due and payable upon the Developer providing the Client with an invoice.

Invoices will be provided for work completed by the developer once every month and should be paid within 10 business days."

20. The initial invoice pursuant to the April Agreement was issued by Plaintiff to Defendant on or about June 22, 2016, for work performed during the period of April 23, 2016 through June 22, 2016. The June 22, 2016 invoice was for $87,600.00, which Defendant timely paid in full.

## DEFENDANT'S BREACH

21. Pursuant to the April Agreement, Plaintiff performed services from June 23, 2016 through July 22, 2016. On or about July 25, 2016, Plaintiff issued Invoice No. 1035 to Defendant for the services rendered in the amount of $57,200.00. A true and correct copy of Invoice No. 1035 is attached hereto as **Exhibit "C"** and incorporated by reference herein.

22. At the direction of Defendant, Plaintiff in good faith continued to perform under the April Agreement and provided additional professional services from July 23, 2016 through August 31, 2016. On or about August 31, 2016, Plaintiff issued to Defendant Invoice No. 1039 in the amount of $68,844.00. A true and correct copy of Invoice No. 1039 is attached hereto as **Exhibit "D"** and incorporated by reference herein.

23. At no time during the course of Plaintiff rendering its professional services to Defendant, did Defendant ever criticize or voice any dissatisfaction with the quality such services. In fact, Defendant, on numerous occasions, informed Plaintiff of Defendant's satisfaction with and even praised the nature and quality of the professional services rendered pursuant to the April Agreement.

24. Despite various demands by Plaintiff to Defendant, both verbally and in writing, Defendant has failed to pay on Invoice Nos. 1035 and 1039, the sum of which totals $126,044.00. Said sums is, and has been, due and owing from Defendant to Plaintiff.

25. Plaintiff now seeks damages pursuant to the April Agreement and Invoice Nos. 1035 and 1039, interest thereon, attorney's fees, and costs where applicable.

## FIRST CAUSE OF ACTION

### Breach of Written Contract

### (By Plaintiff Against All Defendants)

26. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 25, inclusive, and incorporates them by reference herein.

27. On April 22, 2016, Plaintiff and Defendant entered into a written contract previously identified herein as the April Agreement.

28. Plaintiff did all, or substantially all, of the significant things that the contract required.

29. All conditions required by the contract for Plaintiff's performance of the contract occurred or were excused.

30. Defendant breached, and continues to be in breach of, the April Agreement by failing to pay the monies owed as such amounts are stated in Invoice Nos. 1035 and 1039, as referenced above.

31. Plaintiff was economically harmed by Defendant's blatant and intentional breach. Plaintiff now seeks economic damages in an amount not less than $126,044.00 along with interest, applicable attorney's fees, and costs.

## SECOND CAUSE OF ACTION

### Account Stated

### (By All Plaintiffs Against All Defendants)

32. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 31, inclusive, and incorporates them by reference herein.

33. Defendant owes Plaintiff monies in the principal amount of not less than $126,044.00, deriving from previous financial and business transactions.

34. Plaintiff and Defendant, by express agreement and/or conduct, agreed that the amount stated in the account was the correct amount owed to Plaintiff.

35. Defendant, by express agreement and/or conduct, promised to pay Plaintiff the amount of not less than $126,044.00.

36. Defendant has failed to pay Plaintiff the principal amount of not less than $126,044.00.

37. Defendant has not paid any of the amount owed under this account.

38. The amount owe and doing to Plaintiff on this account is not less than $126,044.00.

## THIRD CAUSE OF ACTION

### Open Book Account

### (By All Plaintiffs Against All Defendants)

39. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 38, inclusive, and incorporates them by reference herein.

40. Plaintiff and Defendant had previous financial transactions.

41. Plaintiff kept an account of the debits and credits involved in the transactions;

42. Defendant owes Plaintiff money on the account in the principal amount of not less than $126,044.00.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

1. Awarding Plaintiff its actual damages in the principal amount of not less than $126,044.00;

2. Awarding prejudgment interest at the maximum extent permitted under applicable law;

3. Awarding attorney's fees and costs as allowed by statute and contract; and

4. Providing such further relief as the Court may deem just and proper.

///
///
///
///
///
///

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Date: December 5, 2016         **MYERS BERSTEIN LLP**

By: _____
David A. Berstein
Nicholas D. Myers
Ivan U. Cisneros
Attorneys for Plaintiff