1　Christian S. Molnar, Esq. (SBN 177665)
　　cmolnar@arendsenlaw.com
2　Ashley M. Conlogue, Esq. (SBN 292083)
　　aconlogue@arendsenlaw.com
3　ARENDSEN CANE MOLNAR LLP
　　315 South Beverly Drive, Suite 320
4　Beverly Hills, California 90212
　　Telephone:  (310) 299-8630
5　Facsimile:  (310) 820-9926

6

7　Attorneys for Defendant LOOTSIE, INC.,
　　a Delaware corporation

8

9　　　　　　　　　**UNITED STATES DISTRICT COURT**

10　　　**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 11　CONSULTICA SOFTWARE SERVICES, INC., a Canadian corporation, | Case No. 2:16-cv-08984-AFM |
| 12　　　　　　Plaintiff, | **DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM FOR:** |
| 13　　　vs. | |
| 14　LOOTSIE, INC., a Delaware corporation; and DOES 1 through 20, inclusive, | 1. BREACH OF CONTRACT |
| 15 | 2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; |
| 16　　　　　Defendants. | |
| 17 | 3. INTENTIONAL MISREPRESENTATION; |
| 18 | 4. NEGLIGENT MISREPRESENTATION, AND |
| 19 | 5. UNFAIR BUSINESS PRACTICES |
| 20 | |
| 21 | |
| 22　LOOTSIE, INC., a Delaware corporation, | DEMAND FOR JURY TRIAL |
| 23　　　　Counter-Claimant, | |
| 24　　　vs. | |
| 25　CONSULTICA  SOFTWARE  SERVICES, INC., a Canadian corporation, and ROES 1 through 20, inclusive, | |
| 26 | |
| 27　　　　Counter-Defendant | |

1
**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

# I.

## ANSWER

COMES NOW, Defendant LOOTSIE, INC., a Delaware corporation (hereinafter sometimes referred to as "LOOTSIE," or "Defendant,") and hereby files its answer to Plaintiff CONSULTICA SOFTWARE SERVICES, INC., a Canadian corporation (hereinafter sometimes referred to as "CONSULTICA," or "Plaintiff,") and asserts affirmative defenses and counter-claims thereto, as follows:

1.      LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 1, and on that basis, denies the same.

2.      LOOTSIE admits the allegations in paragraph 2.

3.      Denied in part.  LOOTSIE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the first sentence of paragraph 3, or the last sentence of paragraph 3, and on that basis, denies the same.  The remaining allegations in paragraph 3 state conclusions of law to which no response is required. To the extent that a response is required, the remaining allegations are denied.

4.      The allegations in paragraph 4 state conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

5.      The allegations in paragraph 5 state conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

6.      Denied in part; admitted in part.  LOOTSIE admits only that a substantial part of the events giving rise to Plaintiff's claims occurred in this district, that LOOTSIE conducts business in this district, that the written agreements between the parties were entered into in this District, and that said agreements

2

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

conferred jurisdiction in this district.  LOOTSIE denies the remaining allegations in this paragraph.

7. Admitted in part; denied in part.  LOOTSIE admits only that it understands CONSULTICA to be a mobile device application development company.  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.

8. LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.

9. LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.

10. Admitted in part and denied in part.  LOOTSIE admits only that it entered into a Software Development Agreement with CONSULTICA in and around January 22, 2016, but denies that this is the operative agreement between the parties.  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

11. Admitted in part and denied in part.  LOOTSIE admits only that CONSULTICA was hired to provide certain professional services to it, including the optimization of existing functionality and developing additional functionality for multiple software development kits ("SDK's.")  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.  Further, to the

3

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

12.    Admitted in part and denied in part.   LOOTSIE admits that the Software Development Agreement set forth certain compensation terms, some of which are copied in this paragraph.  However, LOOTSIE denies each and all of the remaining allegations in this paragraph 12, including but not limited to the allegation that CONSULTICA was or is entitled to such compensation.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

13.    Admitted in part and denied in part.   LOOTSIE admits only that CONSULTICA began working on the optimization of SDK's in and around January 22, 2016.   LOOTSIE denies each and all of the other remaining allegations in paragraph 13.

14.    Admitted in part and denied in part.   LOOTSIE admits only that Plaintiff issued an invoice to LOOTSIE in and around February 28, 2016 in the sum of $18,000.00, and that LOOTSIE paid such sum, in full.   LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same. Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

15.    Admitted in part and denied in part.   LOOTSIE admits only that Plaintiff issued an invoice to LOOTSIE in and around March 25, 2016, in the sum of $20,800.00, and that LOOTSIE paid such sum, in full.   LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of

4

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

the remaining allegations in this paragraph, and on that basis, denies the same. Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

16.     Admitted in part and denied in part.   LOOTSIE admits only that Plaintiff issued an invoice to LOOTSIE in and around May 2, 2016, in the sum of $37,200.00, and that LOOTSIE paid such sum, in full.  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

17.     Admitted in part and denied in part.  LOOTSIE admits that the parties entered into a SOFTWARE DEVELOPMENT AGREEMENT in and around April 22, 2016.  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

18.     Admitted in part and denied in part.   LOOTSIE admits only that CONSULTICA was hired to provide certain professional services to it, including the optimization of existing functionality and developing additional functionality for multiple software development kits ("SDK's.") LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph 18, and on that basis, denies the same.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in

5

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

writing and speak for themselves, and Defendant denied any characterizations thereof.

19.    Admitted in part and denied in part.   LOOTSIE admits that the Software Development Agreement set forth certain compensation terms, some of which are copied in this paragraph.  However, LOOTSIE denies each and all of the remaining allegations in this paragraph 19, including but not limited to the allegation that CONSULTICA was or is entitled to such compensation.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

20.    Admitted in part and denied in part.   LOOTSIE admits only that Plaintiff issued an invoice to LOOTSIE in and around June 22, 2016 in the sum of $87,600.00, and that LOOTSIE paid such sum in full.  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph 20, and on that basis, denies the same.  Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

21.    Admitted in part and denied in part.   LOOTSIE admits only that Plaintiff issued an invoice to LOOTSIE in and around July 25, 2016, labelled Invoice No. 1035, in the amount of $57,200.00.  LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same. Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

6

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

22.   Admitted in part and denied in part.   LOOTSIE admits only that Plaintiff issued an invoice to LOOTSIE in and around August 31, 2016, labeled invoice No. 1039, in the amount of $68,844.00.   LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.   Further, to the extent the allegations of this paragraph refer to documents, those documents are in writing and speak for themselves, and Defendant denied any characterizations thereof.

23.   LOOTSIE denies the allegations in paragraph 23, and avers that LOOTSIE frequently complained as to CONSULTICA's failure to deliver services which conformed to the specifications required under the parties' agreement.

24.   Admitted in part and denied in part.   LOOTSIE admits only that Invoice Nos. 1035 and 1039 together total $126,044.00, and that CONSULTICA has made repeated demands for such sums from LOOTSIE.   LOOTSIE denies each and all of the remaining allegations in this paragraph 24, including but not limited to the allegation that such sum is owing to CONSULTICA from LOOTSIE.

25.   The allegations in paragraph 25 state conclusions of law to which no response is required.   To the extent that a response is required, the allegations are denied.

26.   LOOTSIE incorporates by reference, and reasserts as if fully set forth herein its responses to paragraphs 1 through 25, inclusive.   The allegations in paragraph 26 state conclusions of law to which no response is required.   To the extent that a response is required, the allegations are denied.

27.   Admitted in part and denied in part.   LOOTSIE admits that the parties entered into a SOFTWARE DEVELOPMENT AGREEMENT in and around April 22, 2016.   To the extent the allegations of this paragraph refer to documents, those

7

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

1  documents are in writing and speak for themselves, and Defendant denies any
2  characterizations thereof.

3    28.    The allegations in paragraph 28 state conclusions of law to which no
4  response is required.  To the extent that a response is required, the allegations are
5  denied.

6    29.    The allegations in paragraph 29 state conclusions of law to which no
7  response is required.  To the extent that a response is required, the allegations are
8  denied.

9    30.    LOOTSIE denies the allegations in paragraph 30.

10    31.    The allegations in paragraph 31 state conclusions of law to which no
11  response is required.  To the extent that a response is required, the allegations are
12  denied.

13    32.    LOOTSIE incorporates by reference, and reasserts as if fully set forth
14  herein its responses to paragraphs 1 through 31, inclusive.  The allegations in
15  paragraph 31 state conclusions of law to which no response is required.  To the
16  extent that a response is required, the allegations are denied.

17    33.    LOOTSIE denies the allegations of paragraph 33.

18    34.    LOOTSIE denies the allegations of paragraph 34.

19    35.    LOOTSIE denies the allegations of paragraph 35.

20    36.    LOOTSIE denies the allegations of paragraph 36.

21    37.    LOOTSIE denies the allegations of paragraph 37.

22    38.    LOOTSIE denies the allegations of paragraph 38.

23    39.    LOOTSIE incorporates by reference, and reasserts as if fully set forth
24  herein its responses to paragraphs 1 through 38, inclusive.  The allegations in
25  paragraph 31 state conclusions of law to which no response is required.  To the
26  extent that a response is required, the allegations are denied.

27
28

8

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND
COUNTER-CLAIM**

40.     Admitted in part and denied in part.  LOOTSIE denies the characterization of its prior business with CONSULTICA as discrete prior "transactions."  LOOTSIE admits the remaining allegations in this paragraph.

41.     LOOTSIE denies the characterization of its prior business with CONSULTICA as discrete prior "transactions."   LOOTSIE denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in this paragraph, and on that basis, denies the same.

42.     LOOTSIE denies the allegations of paragraph 42.

## PRAYER FOR RELIEF

**WHEREFORE** Defendant LOOTSIE, INC., a Delaware corporation prays that judgment be entered in its favor, that Plaintiff take nothing by way of its complaint, and that Defendant LOOTSIE be awarded its costs and attorneys' fees in this action, together with any such other relief as the Court deems just and proper.

## II.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

43.     Plaintiff's claims are barred in whole or in part because they fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

44.     Plaintiff's claims are barred in whole or in part because Plaintiff failed to join one or more indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

### Third Affirmative Defense

45.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims and/or because the claims are more properly asserted by another.

///

9

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

### Fourth Affirmative Defense

46.     Plaintiff's claims are barred in whole or in part because Plaintiff is estopped by its own, or its agents' acts or omissions from maintaining claims against Defendant.

### Fifth Affirmative Defense

47.     Plaintiff's claims are barred in whole or in part because Plaintiff, and or Plaintiff's agents, waived Plaintiff's right to relief, if any.

### Sixth Affirmative Defense

48.     Plaintiff's claims are barred in whole or in part because Plaintiff's claims are untimely under the applicable statutes of limitations and/or are barred by the doctrine of laches because Plaintiff unjustifiably delayed, to Defendant's prejudice, in bringing suit and/or in seeking the relief sought.

### Seventh Affirmative Defense

49.     Plaintiff's claims are barred in whole or in part because the claims do not comply with the statute of frauds and/or otherwise seek to enforce so-called rights that are not in writing or are inconsistent with enforceable written agreements.

### Eighth Affirmative Defense

50.     Plaintiff's claims are barred in whole or in part because Plaintiff, through its actions or those of its agents, has unclean hands.

### Ninth Affirmative Defense

51.     Plaintiff's claims are barred in whole or in part because Plaintiff, by his conduct or the conduct of his agents, has acquiesced in and/or consented to the conduct herein alleged.

### Tenth Affirmative Defense

52.     Plaintiff's claims are barred in whole or in part because Plaintiff, by its conduct and/or that if its agents, has released Defendant from any claims asserted.

///

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

**Eleventh Affirmative Defense**

53.    Plaintiff's claims are barred in whole or in part because Plaintiff breached contractual obligations owned to Defendant prior to any alleged breach of Defendant asserted herein.

**Twelfth Affirmative Defense**

54.    Plaintiff's claims are barred in whole or in part because Plaintiff breached fiduciary duties owed to Defendant and/or others.

**Thirteenth Affirmative Defense**

55.     Plaintiff's claims are barred in whole or in part because the parties reached an accord and satisfaction as to the claims asserted.

**Fourteenth Affirmative Defense**

56.    Plaintiff's claims are barred in whole or in part because Plaintiff is not entitled to damages or other relief sought.

**Fifteenth Affirmative Defense**

57.    Plaintiff's claims are barred in whole or in part because to the extent Defendant engaged in any act alleged by Plaintiff, he did so innocently and in good faith.

**Sixteenth Affirmative Defense**

58.    Plaintiff's claims are barred in whole or in part because the Plaintiff failed to mitigate its damages.

**Seventeenth Affirmative Defense**

59.    Plaintiff's claims are barred in whole or in part under principles of equity, including without limitation waiver, estoppel, and acquiescence.

**Eighteenth Affirmative Defense**

60.    Plaintiff's claims are barred in whole or in part due to Plaintiff's or Plaintiff's agents,' fraud.

///

11

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

1

**Nineteenth Affirmative Defense**

2      61.    The Complaint is barred in whole or in part by Plaintiffs' failure to

3    satisfy a condition precedent.

4

**Twentieth Affirmative Defense**

5      62.    Defendant is entitled to rescission of any contracts alleged in the

6    complaint due to fraud or mistake.

7

**Twenty-First Affirmative Defense**

8      63.    Defendant alleges that it may have other separate and additional

9    defenses of which it is presently unaware and hereby reserves the right to raise such

10    defenses by amendment of this answer, including the right to conform to proof at the

11    time of trial.

12

**III.**

13

**COUNTER-CLAIM**

14      **COMES NOW** Defendant LOOTSIE, INC., a Delaware corporation,

15    (hereinafter sometimes referred to as "Counter-Claimant," or "LOOTSIE,") and

16    alleges as follows.

17

**PARTIES**

18      1.    LOOTSIE is a corporation organized under the laws of the state of

19    Delaware, and is registered and duly authorized to do business within the state of

20    California, with its principal place of business in Los Angeles, California.

21      2.    LOOTSIE is informed and believes, and on that basis herein alleges,

22    that CONSULTICA is a Canadian corporation, with its principal place of business

23    in Winnipeg, Canada.

24      3.    The true names and capacities of Counter-Claimants sued herein as

25    ROES 1 through 20, inclusive, are presently unknown to LOOTSIE, who therefore

26    sues these Defendants under their fictitious names.   LOOTSIE will amend this

27    counter-claim to show their true names and capacities when they have been

28

12

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND
COUNTER-CLAIM**

ascertained.  Each of the ROE Defendants named herein is responsible in some manner for the conduct alleged herein.  Each of the Defendants, including but not limited to the ROE Defendants, acted under the authority and/or as the agent of each of the other Defendants.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over LOOTSIE's claims under 28 U.S.C. Section 1332(a)(1-2).

5.      Venue is proper in the Central District of California because: (a) Counter-Defendant filed his lawsuit against LOOTSIE in this district, (b) because a substantial part of the events underlying this counter-claim occurred in this district; (c) because the unlawful acts of Counter-Defendant complaint of herein have been committed in this district, and have had an effect in this district, and (d) because the written agreements at issue in this action confer jurisdiction on this district with respect to disputes arising out of or related to such agreements.

## BACKGROUND FACTS

6.      LOOTSIE entered into a series of Software Development Agreements with CONSULTICA, whereby CONSULTICA agreed to, among other things, optimize existing functionality and develop new functionality for multiple software development kits for platforms, including Android and iOS, within a certain specified timeframe, and by completing certain intermediary deadlines.  A true and correct copy of the operative Software Development Agreement, dated April 22, 2016, is attached hereto as **Exhibit "A,"** and incorporated herein by this reference as though fully set forth (hereinafter the "Agreement.")

7.      However, CONSULTICA failed to perform, or failed to adequately perform, its obligations under the Agreement.  Specifically, the work product produced by CONSULTICA, as a whole, during the course of the parties'

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

relationship was either not performed, or not performed correctly, and thus had to be substantially re-done by LOOTSIE at considerable additional expense.

8. As a non-exclusive example, the integration documentation for the Unity software development kit ("SDK,") which was to be created by CONSULTICA pursuant to the Agreement, was delivered incomplete, and also contained defects in the events and enabled flag functions. The error handling and HTTP response handling also had to be completely re-written due to errors made by CONSULTICA. Additionally, unit tests were not run correctly according to the application program interface (API) specifications, few comments were in the code base, and there was no Java-doc style documentation produced. Work product produced in such a format is sub-standard as compared with industry practice, is unusable in the form provided, and is non-conforming with the requirements of the Agreement. As a result of these material and substantial defects, and others, the Unity SDK had to be entirely re-written by LOOTSIE.

9. In addition to performing sub-standard and incomplete work product, as described above, CONSULTICA engaged in "over-billing" and other fraudulent billing practices, including but not limited to billing LOOTSIE for work which was not ever actually performed. As a non-exclusive example, CONSULTICA invoiced LOOTSIE for "quality assurance" and "testing" work allegedly performed on LOOTSIE's behalf. However, the obvious and glaring errors and omissions present in the work product of CONSULTICA suggest that no such meaningful or competent quality assurance work was actually performed. Furthermore, LOOTSIE never communicated with any quality control employee of CONSULTICA's at any point during the course of the parties' business relationship, either by phone or by email, nor was any quality control person ever identified by CONSULTICA, which also suggests that no such quality control testing was actually done.

14

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

10.     Additionally, and despite multiple demands, CONSULTICA has failed and refused to provide any documentary evidence to LOOTSIE as to the "quality control" testing performed by CONSULTICA during the course of the parties' relationship.   Such documents would necessarily include logs, screenshots, and output showing the results of such testing.  CONSULTICA's refusal to provide such documentation suggests that either no such testing was done, or that such testing was obviously incomplete or ineffective.

11.     In addition to the above material breaches of the Agreement, CONSULTICA also publicly disclosed LOOTSIE's confidential and proprietary information on NPM, an open source platform accessible to the public, without LOOTSIE's consent or prior permission.   This error, alone, could result in substantial damages to LOOTSIE.

12.     After having repeatedly encountered problems with CONSULTICA's work-product such as those described herein, LOOTSIE complained to CONSULTICA regarding CONSULTICA's failure to deliver as required under the Agreement.  Such complaints were made over the course of the parties' relationship, both in writing, via email, and verbally, in conference calls or other communications with CONSULTICA.   However, despite such complaints, CONSULTICA's sub-standard performance continued, and CONSULTICA failed to correct, or timely correct, the defects in their work-product.

13.     Finally, in and around July 11, 2016, CONSULTICA failed to meet an important deadline, which constituted a still-further material breach of the Agreement.   As a result of this, and CONSULTICA's several other material breaches, LOOTSIE provide notice of its termination of the Agreement, effective August 31, 2016, pursuant to the termination provisions set forth in the Agreement.

14.     However, rather than diligently performing the work remaining under the Agreement by the August 31, 2016 termination date, CONSULTICA utilized the

15

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

thirty (30) day termination period to provide incomplete and sub-standard work product to LOOTSIE, over-bill and fraudulently bill LOOTSIE for work which was not performed, or not properly performed, and otherwise intentionally fail to perform their contractual obligations under the Agreement in good-faith, thereby frustrating LOOTSIE's rights to its part of the bargain during the final month of the Agreement.

15.    As a result of these, and other actions and omissions constituting material breaches of the Agreement, LOOTSIE has been damaged, in an amount to be proven at the time of trial.

## FIRST COUNTER-CLAIM FOR RELIEF

### Breach of Contract

### (By Counter-Claimant As Against All Counter-Defendants)

16.    Counter-Claimant repeats, re-pleads, and re-alleges the allegations contained in paragraphs 1 through 15, above, and incorporates the same herein in full.

17.    LOOTSIE entered into a series of Software Development Agreements with CONSULTICA, whereby CONSULTICA agreed to, among other things, optimize existing functionality and develop new functionality for multiple SDKs for platforms, including Android and iOS, within a certain specified timeframe, and by completing certain intermediary deadlines.  A true and correct copy of the operative Software Development Agreement, dated April 22, 2016, is attached hereto as **Exhibit "A,"** and incorporated herein by this reference as though fully set forth (hereinafter the "Agreement.")

18.    LOOTSIE performed all of its obligations under the Agreement, or was otherwise excused from performance.

16

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

19.    Counter-Defendant CONSULTICA, and ROES 1 through 20, inclusive, and each of them, breached the Agreement in a variety of ways, including, but not limited to:

a.  Failing to produce work under the Agreement in a timely manner, or by the deadlines promised, and as set by LOOTSIE in connection therewith;

b.  Failing to produce competent work commensurate with that of an industry-standard software development company;

c.  Failing to provide finished and/or complete work to LOOTSIE, and by failing to provide work which did not include errors, mistakes, and/or defects;

d.  Failing to provide adequate and/or competent testing or "quality control" as promised and as charged by CONSULTICA, and by

e.  Failing to properly secure LOOTSIE's confidential and proprietary information, and by posting LOOTSIE's proprietary information on a publicly accessible, open-source platform.

20.    As a direct result of CONSULTICA's, and ROES 1 through 20, inclusive, and each of their, breach, Plaintiff has suffered damages in an amount that is in excess of the minimum jurisdiction of this Court.

**SECOND COUNTER-CLAIM FOR RELIEF**

**Breach of The Implied Covenant of Good Faith and Fair Dealing**

**(By Counter-Claimant As Against All Counter-Defendants)**

21.    Counter-Claimant repeats, re-pleads, and re-alleges the allegations contained in paragraphs 1 through 20, above, and incorporates the same herein in full.

22.    LOOTSIE entered into a series of Software Development Agreements with CONSULTICA, whereby CONSULTICA agreed to, among other things,

17

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

1   optimize existing functionality and develop new functionality for multiple SDKs for

2   platforms, including Android and iOS, within a certain specified timeframe, and by

3   completing certain intermediary deadlines.  A true and correct copy of the operative

4   Software Development Agreement, dated April 22, 2016, is attached hereto as

5   **Exhibit "A,"** and incorporated herein by this reference as though fully set forth

6   (hereinafter the "Agreement.")

7       23.     Included in the Agreement was an implied covenant that each of the

8   parties would perform their obligations thereunder in good-faith, and would provide

9   to the other the benefits bargained for.

10      24.     Counter-Defendant CONSULTICA, and ROES 1 through 20, inclusive,

11  and each of them, breached the implied covenant of good faith and fair dealing by,

12  among other things:

13          a.  Fraudulently billing LOOTSIE for work which was not performed by

14              it;

15          b.  Billing LOOTSIE for work which was not completed, was completed

16              incorrectly, or which contained significant errors or defects;

17          c.  Failing to meet critical and important deadlines, or otherwise not

18              performing its obligations within the time period(s) promised, and

19          d.  Upon receiving LOOTSIE's thirty (30) day notice of termination of the

20              Agreement, failing to produce any further meaningful and/or useful

21              work, including failing to produce work which satisfied industry

22              standards, work which did not contain substantial errors, and/or work

23              which was complete.

24      25.     As a direct and proximate result of such breaches, and others, Counter-

25  Claimant LOOTSIE has been damaged, in an amount in excess of this Court's

26  jurisdiction.

27  ///

28

18

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND
COUNTER-CLAIM**

### THIRD COUNTER-CLAIM FOR RELIEF

### Intentional Misrepresentation

### (By Counter-Claimant As Against All Counter-Defendants)

26.     Counter-Claimant repeats, re-pleads, and re-alleges the allegations contained in paragraphs 1 through 25, above, and incorporates the same herein in full.

27.     Counter-Defendant CONSULTICA, and ROES 1 through 20, inclusive, and each of them, made a series of false promises to LOOTSIE over the course of the parties' business relationship, and in connection with the Agreement, on which LOOTSIE reasonably relied.  These promises included, among others, that:

    a.  CONSULTICA had the capacity to, and would, perform the software development work covered under the Agreement, within the timeframe discussed;

    b.  CONSULTICA would perform such software development work diligently, and in conformance with industry standard as to standard and quality of work

    c.  CONSULTICA would properly protect and maintain LOOTSIE's confidential and proprietary information, and

    d.  CONSULTICA would perform the work covered by the Agreement in a timely manner, and within the deadlines set therein, and/or by the parties in connection therewith.

28.     Counter-Defendant CONSULTICA, and ROES 1 through 20, inclusive, and each of them, knew such promises were false when made, but made such promises with the intention of inducing LOOTSIE to enter into the Agreement.

29.     As a direct result of Defendants' fraud, Counter-Claimant LOOTSIE has suffered damages in an amount that is in excess of the minimum jurisdiction of this Court.

19

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

30.    Counter-Defendants' conduct as described herein was done with a conscious disregard of the rights of Counter-Claimant, with the intent to vex, annoy, and/or harass Counter-Claimant.  Such conduct was unauthorized and constitutes oppression, fraud, and/or malice entitling Counter-Claimant to an award of punitive damages in an amount appropriate to punish or set an example of Counter-Defendants in an amount to be determined at trial.

**FOURTH COUNTER-CLAIM FOR RELIEF**

**Negligent Misrepresentation**

**(By Counter-Claimant As Against All Counter-Defendants)**

31.    Counter-Claimant repeats, re-pleads, and re-alleges the allegations contained in paragraphs 1 through 30, above, and incorporates the same herein in full.

32.    Counter-Defendant CONSULTICA, and ROES 1 through 20, inclusive, and each of them, made a series of false promises to LOOTSIE over the course of the parties' business relationship, and in connection with the Agreement, on which LOOTSIE reasonably relied.  These promises included, among others, that:

    a. CONSULTICA had the capacity to, and would, perform the software development work covered under the Agreement, within the timeframe discussed;

    b. CONSULTICA would perform such software development work diligently, and in conformance with industry standard as to standard and quality of work

    c. CONSULTICA would properly protect and maintain LOOTSIE's confidential and proprietary information, and

    d. CONSULTICA would perform the work covered by the Agreement in a timely manner, and within the deadlines set therein, and/or by the parties in connection therewith.

20

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

33.    At the time such promises were made, Counter-Defendant CONSULTICA, and ROES 1 through 20, inclusive, and each of them, had no reasonable ground for believing them to be true.

34.    In reliance on the promises of Counter-Defendants, and each of them, LOOTSIE agreed to enter into the Agreement.

35.    As a direct result of Defendants' negligent misrepresentation, Counter-Claimant LOOTSIE has suffered damages in an amount that is in excess of the minimum jurisdiction of this Court.

36.    Counter-Defendants' conduct as described herein was done with a conscious disregard of the rights of Counter-Claimant, with the intent to vex, annoy, and/or harass Plaintiff.  Such conduct was unauthorized and constitutes oppression, fraud, and/or malice entitling Counter-Claimant to an award of punitive damages in an amount appropriate to punish or set an example of Counter-Defendants in an amount to be determined at trial.

## FIFTH COUNTER-CLAIM FOR RELIEF

### Unfair Business Practices

### (By Counter-Claimant As Against All Counter-Defendants)

37.    Counter-Claimant repeats, re-pleads, and re-alleges the allegations contained in paragraphs 1 through 36, above, and incorporates the same herein in full.

38.    Counter-Defendant CONSULTICA's, and ROES 1 through 20, inclusive, and each of their, actions, as alleged herein, constitute unfair business practices.

39.    It was unfair and unlawful for CONSULTICA, and ROES 1 through 20, inclusive, to, among other things:

21

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

1         a.  fraudulently represent to LOOTSIE that it could, and would,

2              perform the work under the Agreement completely, in a timely

3              manner, and without error;

4         b.  fraudulently bill LOOTSIE for work that was not performed, not

5              performed completely, and/or was incorrectly performed, and

6         c.  Effectively cease performing pursuant to the Agreement upon

7              receiving LOOTSIE's notice of termination, thereby preventing

8              LOOTSIE from receiving the benefit of its bargain under the

9              Agreement.

10      40.     As a direct result of Counter-Defendants' unlawful and unfair practices,

11 as set forth herein, Counter-Claimant LOOTSIE has suffered damages in an amount

12 that is in excess of the minimum jurisdiction of this Court, and caused LOOTSIE

13 further damage subject to a claim of restitution against Counter-Defendant

14 CONSULTICA, and ROES 1 through 20, inclusive, and each of them, in an amount

15 to be proven at the time of trial.

16                        **PRAYER FOR RELIEF**

17      **WHEREFORE** Counter-Claimant prays for judgment against Counter-

18 Defendants, and each of them, as follows:

19                     As to All Causes of Action

20     1.     For costs of suit incurred herein;

21     2.     For any other and further relief as the Court deems just and proper.

22           As to the First and Second Causes of Action

23     1.     For damages in an amount to be proven at the time of trial;

24     2.     For pre-judgment interest, as allowed by law, and

25     3.     For Attorneys' fees, as provided for my contract, and allowed by law.

26           As to the Third and Fourth Causes of Action

27     1.     For damages in an amount to be proven at the time of trial, and

28

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

1        2.    For exemplary and punitive damages.

2                 <u>As to the Fifth Cause of Action</u>

3        1.    For restitution in an amount to be proven at trial, together with interest

4            thereon at the legal rate.

5

6    DATED:  December 27, 2016          ARENDSEN CANE MOLNAR LLP

7                           By:  *s/Christian S. Molnar*

8                                Christian S. Molnar
                                 Attorneys for Defendant LOOTSIE,

9                                INC.,
                                 a Delaware corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                23

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Defendant and Counter-Claimant LOOTSIE hereby demands a trial by jury on all issues so triable.

DATED:  December 27, 2016                    ARENDSEN CANE MOLNAR LLP


                                             By:   *s/Christian S. Molnar*
                                                   Christian S. Molnar
                                                   Attorneys for Defendant LOOTSIE,
                                                   INC.,
                                                   a Delaware corporation

**DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM**

## CERTIFICATE OF SERVICE

### *Consultica Software Services, Inc. v. Lootsie, Inc.*
### Case No. 2:16-cv-08984-AFM

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am a citizen of the United States and employed in Beverly Hills, California., I am over the age of 18 and not a party to the within actions; my business address is 315 S. Beverly Drive, Suite 320, Beverly Hills, California 90212.

On __December 27, 2016, I served the document(s) entitled, **DEFENDANT LOOTSIE, INC.'S ANSWER TO COMPLAINT AND COUNTER-CLAIM** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

David A. Berstein, Esq.
Nicholas D. Myers, Esq.
MYERS BERSTEIN, LLP
4 Executive Circle, Suite 100
Irvine, California 92614

☐ **(BY MAIL)**: I deposited such envelope in the mail at Dallas, Texas with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Dallas, Texas, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY PERSONAL SERVICE)**: I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee as shown on the attached mailing list on this date.

☐ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE)**: By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

1

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on December 27, 2016, at Beverly Hills, California.

2

3

*/s Ashley M. Conlogue*
Ashley M. Conlogue

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE